# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Sherman, | Civ. No. 12-1806 (MJD/JJK) |
| Plaintiff, | |
| v. | |
| Murad M. Mohammad, | **REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION** |
| Defendant. | |

Michael Sherman, 970 Pickett Street North, Bayport, MN 55003, *pro se.*

## INTRODUCTION

This matter is before this Court for a Report and Recommendation to the District Court on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons stated below, this Court recommends that Plaintiff's Complaint (Doc. No. 1), be dismissed without prejudice for lack of prosecution.

## BACKGROUND

On July 24, 2012, Plaintiff filed a Complaint against Defendant and a Motion for Leave to Proceed *in forma pauperis*. (Doc. Nos. 1, 2.) On July 24, 2012, this Court denied Plaintiff's *in forma pauperis* application and directed him to pay the normal filing fee and proceed as a non-IFP litigant. (Doc. No. 3.) Plaintiff failed to pay the statutory filing fee within the time allowed and the

1

undersigned issued a Report and Recommendation ("R&R") recommending the action be dismissed without prejudice. (Doc. No. 4.) Plaintiff filed an objection to the R&R on September 28, 2012, and Plaintiff subsequently paid the $350.00 filing fee on October 17, 2012. (Doc. Nos. 5, 7.) The issue of whether Plaintiff paid the required filing fee became moot; therefore, on November 29, 2012, Judge Davis issued an Order declining to adopt the R&R dated September 5, 2012. (Doc. No. 8.) Nothing happened in this case between November 29, 2012, and February 5, 2013. On February 5, 2013, this Court issued an Order to Show Cause, allowing Plaintiff until February 20, 2013, to "show cause why his claims should not be dismissed for lack of prosecution." (*Id.*) Plaintiff filed what appears to be his written response to the Order on February 20, 2013. (Doc. No. 10.)

## DISCUSSION

This case should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(c)(1) and 4(m). Rule 4(c)(1) states:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

2

Fed. R. Civ. P. 4(m).

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). Here, it appears that Plaintiff's only response to the Order to Show Cause is that he discovered Defendant's real name to be Murad J. Mohammad and not Murad M. Mohammad. Plaintiff did not provide any explanation as to why service was not effected on Murad J. Mohammad, if that is in fact the attorney Defendant's correct name, nor did he bring a motion to amend the Complaint. Therefore, Plaintiff has not shown good cause for the failure of service. Pursuant to Federal Rule of Civil Procedure 4(m), the Court "must dismiss the action without prejudice against [the] [D]efendant or order that service be made within a specified time." Because of Plaintiff's failure to show good cause, this Court recommends dismissing this case without prejudice.

### RECOMMENDATION

For the reasons stated, and based on the file, records, and submissions therein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint (Doc. No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: February 26, 2013

    *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 12, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.